HYAMS v. OLD DOMINION CO.

(Circuit Court of Appeals, First Circuit.   December 20, 1913.)

No. 1,030.

CORPORATIONS (§ 210*)—STOCKHOLDERS' SUIT—PARTIES.

Where a Maine corporation owned a very large majority of the stock of a New Jersey corporation, a minority stockholder of the latter cannot ordinarily maintain a bill to restrain the Maine company from voting its stock at an election of directors to manage a New Jersey company's affairs without making the New Jersey company a party defendant. Minnesota v. Northern Securities Co., 184 U. S. 199, 22 Sup. Ct. 308, 46 L. Ed. 499, applied.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 808–813; Dec. Dig. § 210.*

Rights of minority stockholders as to management of corporate affairs, see note to Wheeler v. Abilene Nat. Bank Bldg. Co., 89 C. C. A. 482.]

Appeal from the District Court of the United States for the District of Maine; Clarence Hale, Judge.

Suit by Godfrey M. Hyams against the Old Dominion Company. From a decree of dismissal (204 Fed. 681), complainant appeals. Modified and affirmed.

Edward M. Colie, of Newark, N. J., and Isaac W. Dyer, of Portland, Me., for appellant.

Edward F. McClennen, of Boston, Mass., and Maxwell Barus, of Boston, Mass. (Jacob J. Kaplan and Brandeis, Dunbar & Nutter, all of Boston, Mass., on the brief), for appellee.

Before PUTNAM, DODGE, and BINGHAM, Circuit Judges.

PUTNAM, Circuit Judge.   The case is fully stated in the opinion of the learned judge of the District Court passed down May 5, 1913, and needs but slight reference by us to either the facts or the principles involved, as we leave it to turn on one simple rule.

This is a bill in equity, brought by a stockholder in a corporation which for convenience we designate as the "New Jersey corporation," against a corporation which for convenience we designate as the "Maine corporation." The bill was brought in the District Court for the District of Maine. The New Jersey corporation was not made a party to the bill, and no process was prayed for against it by subpœna, or otherwise as called for by the·rule governing proceedings of courts in equity when it is sought to make a person or a corporation out of the jurisdiction a party respondent. For all the purposes of this proceeding, the New Jersey corporation was not legally noticed as a party complainant or respondent; and the bill was dismissed substantially on the ground that the relief prayed for could not be granted, according to settled principles of equity, independently of. any statute of the United States or rules of the Supreme Court, in the absence from the record of the New Jersey corporation.

The Maine corporation is described as holding a very large majority of the outstanding shares of stock of the New Jersey corporation, to

the extent, as stated in the brief, of 155,000 shares out of a total issue of 162,000 shares. This leaves an outstanding holding of 7,000 shares, of which the brief alleges that the complainant holds 3,056. The prayer in the bill is that the Maine corporation be enjoined from voting any of its shares in the New Jersey corporation, whether directly or indirectly, at the annual meeting of the New Jersey corporation which was to be held on the 2d day of April succeeding the filing of the bill, or at any adjournment thereof. So far as that particular meeting is concerned, the case is now, of course, a moot case, unless there has been some adjournment thereof of which we are not advised. There was also a prayer that the Maine corporation be enjoined from voting any shares for the election of any officer or director of the Maine corporation as a director of the New Jersey corporation, or from aiding in placing the Maine corporation in control of the New Jersey corporation, and also, in the alternative, that the Maine corporation be compelled to divest itself of its holdings in the New Jersey corporation.

On this showing, the fact that a court in equity should not proceed as prayed for in this bill in the absence of the New Jersey corporation is such an urgent proposition, and the substantial answer thereto so compelling, that it does not seem necessary to go into any long investigation of the principles or decisions relating thereto. It is said by the appellant that the interests of the New Jersey corporation are not "directly or adversely affected"; that the relief asked for does not seek to control the New Jersey corporation, but only to secure an independent board of directors for it, so that the New Jersey corporation shall be in no way hampered, nor can be, by any decree in this cause; that no decree granting the relief asked for can be injurious to the New Jersey corporation, for all that could happen to it would be a board of directors capable of acting independently and fairly in its affairs; that its business is not sought to be regulated or interfered with by this bill; and, finally, that the bill does not seek to meddle with its affairs, but only with the conduct of the Maine corporation in its capacity as a stockholder; and so forth, and so forth.

It is beyond the scope of legal intelligence to comprehend how it is that a bill which, if sustained, might put the affairs of a corporation in control of a very small minority of its stock, in this case of less than one-twentieth thereof, or, perhaps, disenable it, whether directly or indirectly, from the ability of securing a legal quorum, according to its local statutes or its by-laws, at any meeting of its shareholders, has no such operation as claimed by the appellant in the way we have stated. On the other hand, the position of the litigation is frankly stated by the opening of appellant's brief, to the effect that he seeks to have the New Jersey corporation "controlled by an independent board of directors." There is no doubt that the purpose of the bill is to control the management of a corporation not made a party to it, and therefore without its having any judicial hearing in reference thereto. The control sought for by the complainant may be for the good of the New Jersey corporation or it may not be; but whether, if the relief asked for is granted, it would be for its good or evil, is a matter which

cannot be disposed of without its being heard in reference thereto. The effect of the decree asked for might be to seize and maintain the control of the New Jersey corporation in violation of the fundamental rule in equity that the court must hear before it strikes.

Of course, there are, and must be, instances in which the interests of a corporation not made a party to a bill may be affected more or less fundamentally by a decree rendered in pending litigation; but those are unavoidable exceptions, where controlling the corporation is a secondary and incidental result, and not one which, in the eyes of the law, is directly sought for, although as a matter of fact it may be that the result is as effectual under the peculiar circumstances of one case as it would be in the other. For example, there may be litigation between individuals contesting in their own right, and without fraud or sinister purpose, for the ownership of possibly a major amount of shares outstanding in a particular corporation, when the result of that litigation might, and perhaps would, necessarily determine in whose hands the effectual control was left; but such a result would be one which the law could not avoid, and not one in which the courts were seeking to obtain it, as the court was asked to do here.

None of the cases cited by the complainant support a decree in its behalf under the particular circumstances, and for the purpose expressly asked here. Some of them might have the effect of working out a practically like result; but they are not so aimed in the eyes of the law. The rule as to parties applied in Minnesota v. Northern Securities Company, 184 U. S. 199, 22 Sup. Ct. 308, 46 L. Ed. 499, justifies the result we have reached here, and is nearer akin to the present case than any other decision brought to our attention. It is indeed more drastic in applying the rule than are we in the case at bar. There the state of Minnesota was involved, dealing with transactions within its own borders; and the result desired was clearly susceptible of being reached in some way, either by a receivership or in some other form. So, in the present case, no doubt the appellant is not left by us without remedy, because, at least, the federal courts in New Jersey would have full jurisdiction to grant him all the remedy which he needs, so far as on the merits he is entitled to it. This is especially so in view of the construction given by the courts to section 738 of the Revised Statutes, now section 57 of the Judicial Code of 1911. Act March 3, 1911, c. 231, 36 Stat. 1102 (U. S. Comp. St. Supp. 1911, p. 152).

It is to be, however, distinctly understood that our decision is limited to the precise conditions presented by the bill before us; and what to the eye of the layman might be only a slight deviation in the conditions, might require a different adjudication. It is also to be remembered that, especially in proceedings in equity, it is the substance which governs and not the form; and that a distinction cannot be sustained merely on the ground that the bill is against a stockholder, and does not in form affect the corporation, when, through the stockholder, the bill seeks to take practical control of it, as it does here.

We should observe that the appellant maintains that the rule requiring all parties to the controversy to be brought in is not a jurisdictional

requirement; and that it is a rule of the court, and should not be enforced where its enforcement will cause injustice, provided the court can proceed to a final decree between the parties before it. The last part of this is well enough, but the proposition that it involves a mere rule of court is erroneous. The condition is much better stated for the purposes of this appeal in the opinion of the learned judge of the Circuit Court, in Taylor v. Southern Pac. Co., 122 Fed. 147, 152, as follows:

"We do not put this case upon the ground of jurisdiction, but upon a much broader ground, which must equally apply to all courts of equity, whatever be their structure, as to jurisdiction."

In the light of such a proposition, it in no way affects the result whether it should or should not be said that we are dealing with "a jurisdictional requirement."

As the dismissal was for lack of proper parties, and did not touch the merits, the decree should be modified in accordance with the settled practice of the Supreme Court, as clearly shown in Swan Company v. Frank, 148 U. S. 603, 612, 13 Sup. Ct. 691, 37 L. Ed. 577.

The decree of the District Court is modified by adding that, as the dismissal was for want of parties, it is without prejudice; and, as so modified, it is affirmed; and the appellee recovers its costs of appeal.