• HAYDEN et al. v. PERFECTION COOLER CO.

(District Court, D. Maine.   September 12, 1914.)

No. 716.

1. CORPORATIONS (§ 320*)—STOCKHOLDERS' ACTION TO RESTRAIN DIVERSION OF FUNDS—BILL—NECESSARY PARTIES—FAILURE TO JOIN—EFFECT.

Where complainant stockholders of defendant corporation sought to restrain it from diverting corporate assets for other than charter purposes, and charged that certain licenses under United States letters patent had been issued by defendant to certain licensees, and fraudulently gave them the privilege of making goods in the United States and shipping them to Canada without paying royalty, and that such licenses should be rescinded and canceled, and the relief prayed was that such licenses

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

be canceled, the licensees were necessary parties to the suit, and a failure to join them was ground for dismissal.

[Ed. Note.—For other cases, see Corporations, Cent. Dig. §§ 1426–1431, 1433–1439; Dec. Dig. § 320.*]

2. DISMISSAL AND NONSUIT (§ 75*)—GROUNDS—WANT OF PROPER PARTIES.

A dismissal for want of proper parties does not touch the merits, and must be without prejudice.

[Ed. Note.—For other cases, see Dismissal and Nonsuit, Cent. Dig. § 169; Dec. Dig. § 75.*]

In Equity. Suit by John Hayden and another against the Perfection Cooler Company. On motion to dismiss the bill. Granted.

James A. Tirrell, of Boston, Mass., for complainants.

Winfield C. Towne and Herbert Parker, both of Boston, Mass., for respondent.

HALE, District Judge. This case is before the court upon the defendant's motion to dismiss the bill for want of parties, and for other causes. The complainants, citizens of Massachusetts, are shareholders in the defendant company, a Maine corporation. They seek to enjoin the defendant from diverting its corporate assets for other than its charter purposes. The bill charges many acts of this character, and sets out in detail that other persons, not named as parties to the bill, are related in certain ways to the matters charged in the bill. It is unnecessary to enter upon a discussion of all the allegations in the bill, and the objections raised by the defendant. It is sufficient to refer in detail to only one of the matters charged in the bill. In the twentieth paragraph, the bill alleges that certain licenses under United States letters patent have been issued by the defendant company to Cordley & Hayes, of New York City, which licenses fraudulently gave to Cordley & Hayes the privilege of making goods in the United States and shipping them to Canada without paying any royalty thereon. Paragraph 34 of the bill alleges that the Cordley & Hayes license should be rescinded and canceled. In the fourth paragraph of the prayers of the bill, the complainants pray that the Cordley & Hayes license contracts, and other contracts and assignments mentioned in paragraph 34 of the bill, may be rescinded and canceled, and that all money received thereunder, and damages arising by reason thereof, be determined, and that there be an appropriate decree of the court thereon.

[1] It is clear that the bill substantially charges fraud against Cordley & Hayes, as well as against the defendant company. Cordley & Hayes are not made parties.

The familiar rule in equity is that all persons materially interested, either legally or beneficially, in the subject-matter of the suit in equity, are to be parties to it; and the established practice of courts of equity is to dismiss the complainant's bill if it appears that to grant the relief prayed for would injuriously affect persons materially interested in the subject-matter, who are not made parties to the suit. In Minnesota v. Northern Securities Co., 184 U. S. 199, 246, 22

Sup. Ct. 308, 46 L. Ed. 499, the Supreme Court held that this rule in equity is founded upon clear reasons, and may be enforced by the court, even on its own volition, although the question is not raised by the pleadings, or even suggested by counsel. This rule has been followed by this court in Hyams v. Old Dominion Co. (D. C.) 204 Fed. 681, affirmed by the Circuit Court of Appeals for this circuit in 209 Fed. 808, 128 C. C. A. 532. An examination of the portion of the bill to which I have referred makes it clear that according to the well-known practice in equity, and under the rule of the Supreme Court, Cordley & Hayes are materially interested parties. The decree prayed for by the complainants cannot be made without directly affecting the material rights in equity of Cordley & Hayes. No adequate decree can be made unless Cordley & Hayes are made parties to it. It is evident, then, that the bill must be dismissed for want of parties.

[2] The bill contains many other charges against the defendant company for dissipation of its funds, and other wrongful acts done in connection with persons who are named, and with unnamed persons. It is unnecessary to discuss in detail these further allegations, inasmuch as the bill must be dismissed for the cause which I have stated. As the dismissal is for the want of proper parties, and does not touch the merits, it must be without prejudice. Hyams v. Old Dominion Co., 209 Fed. 808, 811, 128 C. C. A. 532.

The defendant recovers costs.