106 A.2d 202 (1954)
ELSTER
v.
AMERICAN AIRLINES, Inc.
Court of Chancery of Delaware, New Castle.
June 14, 1954.
Robert C. Barab, Wilmington, and William E. Haudek (of Pomerantz, Levy & Haudek), New York City, for plaintiff.
Richard F. Corroon (of Berl, Potter & Anderson), Wilmington, and Malcolm A. MacIntyre and Harold M. Childers (of Debevoise, Plimpton & McLean), New York City, for defendant.
BRAMHALL, Vice-Chancellor.
The facts of this case are more fully set forth in a former opinion dated October 14, 1953, to be found in 100 A.2d 219. It is sufficient to say here that the amended complaint attacks certain stock options issued by defendant to its executive and supervisory employees on or about May 21, 1952, upon the sole ground that such options constitute gifts of defendant's assets *203 for the reason that the optionees gave no valid or sufficient consideration in exchange therefor. The motion of defendant to dismiss is based upon its contention that the optionees are indispensable parties defendant. The motion for summary judgment is based upon its contention that the stock options are valid as a result of a resolution of the board of directors of defendant subsequent to an amendment to Sec. 157 of the General Corporation Law, 8 Del.C. § 157.
Defendant contends that since this is a derivative action plaintiff's claim is predicated solely upon the right of defendant; that while defendant is named as a party defendant it is actually the real party plaintiff; and that this action therefore constitutes a suit by defendant against itself as the named party defendant.
In my previous opinion I held that this was an action for a wrong to the corporation and not to the stockholders personally or individually and that therefore the action was a derivative one by the stockholder on behalf and for the benefit of the corporation. However, I did not consider in that opinion the question of whether or not the corporation is a real party defendant as well as a party plaintiff.
Is defendant a real party defendant? I think it is. While it is true that options issued without consideration constitute a gift of corporate assets and that any action by reason thereof would inure to the benefit of the corporation and not to the stockholders individually, plaintiff's right is also a right against the corporation itself. Plaintiff has two causes of action for which he might be entitled to equitable relief: (1) an action against defendant to compel it to cancel the options; (2) an action against the party or parties liable to the corporation. Cantor v. Sachs, 18 Del.Ch. 359, 162 A. 73. If plaintiff should be successful in his suit, he would be entitled to an injunction against defendant to prevent it from proceeding with the issuance of stock by reason of the options. There is therefore a real action against the defendant as well as an action on its behalf.
I conclude that defendant is a proper and necessary party and that there is an adverse action against it.
Are the optionees of the stock indispensable parties to this action? Although plaintiff prays this court to restrain defendant from honoring the exercise of the stock options by the optionees, he did not join them as parties defendant. Defendant contends that they are indispensable parties to the action on the ground that any decree which might be made by this court in their absence would have an injurious effect upon their interests and that any final determination of their rights would not be consistent with equity and good conscience. Plaintiff asserts that there is no necessity for joining the optionees as parties defendant because, says plaintiff, the options are void and the optionees have no rights to protect.
There can be no question that the optionees would be proper parties to this action. The question for determination is whether or not they are so indispensable as parties defendant that this court could not adjudicate any differences between the present parties to this action without affecting their rights.
The question of whether or not parties to any action shall be considered as indispensable parties is frequently not easy to determine. In most instances that determination must rest upon the facts of the particular case. Roos v. Texas Co., 2 Cir., 1927, 23 F.2d 171, certiorari denied 277 U.S. 587, 48 S.Ct. 434, 72 L.Ed. 1001. As a general proposition, the definition laid down in the leading case of Shields v. Barrow, 1854, 17 How. (58 U.S.) 129, 130, 139, 15 L.Ed. 158, has been generally accepted:
"Persons who not only have an interest in the controversy, but an interest of such a nature that a final decree cannot be made without either affecting that interest, or leaving the *204 controversy in such a condition that its final termination (sic) may be wholly inconsistent with equity and good conscience."
It is also generally held that if the subject matter of the suit is an agreement, transfer or conveyance between the corporation, acting by its directors or managers, and some other person or corporation, it is proper and necessary to make such other person or corporation a party defendant to the suit, because that other person or corporation has a substantial interest in the determination of whether or not the agreement in question is really within the powers or without the powers of the corporation of which the stockholder is a member. Fletcher, Cyclopedia of Corporations, (Perm.Ed.) Vol. 13, Sec. 5998, p. 378. The options have been issued to the supervisory employees of defendant, creating a contractual relationship between defendant and the optionees, under which the optionees have obtained certain rights. These rights plaintiff by this action prays the court to nullify and to enjoin.
All parties to a contract sought to be cancelled are indispensable parties to the suit for cancellation unless it is obvious that one not joined has no interest whatever in the subject matter of the suit. Chance v. Buxton, 5 Cir., 163 F.2d 989. This court by the use of injunctive powers might prevent defendant from honoring the options, but it could not do so without affecting the interests of the optionees. They have a very definite interest in the object of the controversy and in any action which this court might take. The options have a substantial value. Any decree which this court might make would materially affect them. See McConnell v. Dennis, 8 Cir., 153 F. 547; Shields v. Barrow, supra. Under these circumstances a determination of the rights of the optionees in this action without making them parties thereto would be contrary to the principles of equity and good conscience. Hayden v. Perfection Cooler Co., D.C.Me., 217 F. 171.
Plaintiff asserts that the options are void, not voidable. He contends that since there is no legal obligation which optionees may enforce, there is no necessity of making them parties to this action. Plaintiff distinguishes the cases of Hodson v. Hodson Corp., Del.Ch., 80 A.2d 180, and West v. Sirian Lamp Co., 28 Del.Ch. 328, 42 A.2d 883, cited by defendant as authority for its contention that the optionees are indispensable parties by saying that these cases related to the issuance of stock, not options, and that under the decisions of the supreme court of this state stock issued without consideration is only voidable. Defendant contends that the considerations which led the supreme court to say that stock issued without consideration is only voidable do not apply in the case of options. Plaintiff's assertion that the options are void, instead of voidable, is based upon his contention that there was no consideration for the issuance of the options.
The question of whether or not these options are void is an issue in this case. The disposition of this issue would seriously affect the rights of the optionees. That determination must await the trial of the cause. Since the interests of the optionees would be so seriously affected thereby, they should have the opportunity of being heard. It is not sufficient to say that they could be advised of this proceeding and could intervene, should they so desire. Persons interested in the object of a suit must be made parties; it is not sufficient that they be given merely an opportunity to appear. See Cobb v. Chatham Trust Co., 136 N.J.Eq. 191, 41 A.2d 137.
I conclude that the optionees are indispensable parties to this suit and that the motion of defendant to dismiss should be granted. However, before an order will be signed in this case, plaintiff will be given an opportunity, should he so desire, to move to bring in some or all of the optionees as parties defendant.
Since I have determined that the motion to dismiss should be granted, it will not be necessary for me to consider at this *205 time defendant's motion for summary judgment.
Order on notice in accordance with this opinion.