CORA LEE STERLING, formerly known as CORA LAVENIA SEKCIENSKI, also known as LEE SEKCIENSKI, an infant under the age of twenty-one years, by Malcolm Sterling, her next friend,

*vs.*

HELEN SEKCIENSKI, and JOSEPH A. SEKCIENSKI.

*New Castle, July 13, 1954.*

*Thomas H. Wingate,* Wilmington, for plaintiff.

*Joseph H. Flanzer,* Wilmington, for defendants.

BRAMHALL, Vice Chancellor: This is a motion to dismiss complaint and amended complaint filed by plaintiff. After motion to dismiss original complaint and after the filing of briefs and oral argument thereon, leave to plaintiff to file an amended complaint was granted with the stipulation that defendants might proceed under the original motion to dismiss as against the amended complaint and that the briefs filed, so far as they should be applicable, should apply to the amended complaint as well.

The plaintiff Cora Lee Sterling, formerly known as Lee Sekcienski (hereinafter referred to as "plaintiff"), and the defendant Joseph A. Sekcienski (hereinafter referred to as "defendant") were formerly husband and wife. It appears that defendant had purchased a home at 1012 Rodman Road, Wilmington, and that prior to settlement defendant's mother, Helen Sekcienski, had advanced for the purpose of such settlement the sum of $1400, of which amount $400 was later repaid. Plaintiff and defendant executed a promissory note with confession of judgment to defendant's mother. This note was entered of record and became a lien against defendant's property. The complaint and the amended complaint are in conflict as to whether or not the money was advanced to the defendant or to defendant and plaintiff. It is also uncertain as to whether or not the money was a gift or a loan. Subsequently, after a disagreement between the parties, plaintiff instituted divorce proceedings in the Superior Court of this State, in New Castle County, and on June 4th was granted a decree *nisi* from defendant. Upon a petition for division of defendant's property, Judge Herrmann on July 21, 1953, made an order relative to the property of defendant. As to the judgment of defendant's mother, he stated as follows:

> "The judgment held by the defendant's mother will not be disturbed. The judgment creditor is not before the Court, and, therefore, the Court is without jurisdiction in the premises."

Plaintiff filed a complaint in this court, asking that defendants Helen Sekcienski and Joseph A. Sekcienski be enjoined from proceeding with execution proceedings against the property of defendant and that they be compelled to execute and record a release of the judgment now a lien against the property of defendant. Defendant moved to dismiss on the grounds: (1) that the plaintiff was attacking the order of the Superior Court; and, (2) that the Superior Court having taken jurisdiction over the subject matters of this suit, this court will not interfere.

Defendant's motion must be denied. The judgment involved in this action is based upon a note held by defendant's mother, who was of course not a party to the divorce proceedings. Judge Herrmann very properly held that the judgment of defendant's mother would

not be disturbed in that proceeding. It is clear therefore that the Superior Court did not take jurisdiction over the judgment. There is no objection otherwise, either in the briefs filed or the arguments of counsel, as to the jurisdiction of this court.

Defendants contend that this court does not have jurisdiction over the subject matter inasmuch as the Superior Court had previously taken jurisdiction. There is no question but that where both the Superior Court and the Court of Chancery have concurrent jurisdiction, the court first assuming jurisdiction will usually retain it. *duPont v. duPont, 7 Terry* 280, 83 *A.2d* 105. However, as previously stated, the Superior Court did not and could not assume jurisdiction over the judgment held by defendant's mother since she would have been an indispensable party to any action to set aside the judgment. See *Elster v. American Airlines, Inc., supra* p. 500, 106 *A.2d* 202. Defendant asserts that had the plaintiff in the Superior Court desired to make defendant's mother a party to the proceedings in that court she could have done so under its rules of procedure. Assuming this to be correct, the fact remains that she was not made a party and is therefore not bound by the action in the Superior Court. Persons interested in the object of a suit must be made parties; it is not sufficient that they be given merely an opportunity to appear. *Elster v. American Airlines, Inc., supra.*

It is alleged in the amended complaint that the note was a gift and not a loan and the prayer of the plaintiff is that this court compel the defendants to release the property at 1012 Rodman Road from the lien of that judgment and further that defendants be enjoined from proceeding with execution proceedings under said judgment. The jurisdiction of this court to grant such relief in a proper case is not here questioned. If the amount for which the note was executed was actually a gift and not a loan, and if judgment was entered thereon, as averred by plaintiff for the purpose of defrauding plaintiff, then plaintiff would be entitled to redress. It is true that the amended complaint does not set forth too clearly or concisely the basis of plaintiff's claim. Nevertheless, based upon the general allegations therein, I conclude that plaintiff has set forth a cause of action against defendants. The motion to dismiss must therefore be denied.

Order on notice in accordance with this opinion.