EMORY G. ACKERMAN et al., Defendants Below, Appellants,

*vs.*

FRANCIS STEMERMAN, Plaintiff Below, Appellee.

*Supreme Court on Appeal, May 19, 1964.*

Edmund N. Carpenter, II, of Richards, Layton & Finger, Wilmington, and Ralph M. Carson, Henry L. King and Thomas P. Griesa, of Davis, Polk, Wardwell, Sunderland & Kiendl, New York City, for individual defendants.

H. Albert Young, of Morford, Young & Conaway, Wilmington, for Texas Instruments Inc.

Irving Morris and Joseph A. Rosenthal, of Cohen & Morris, Wilmington, for Francis Stemerman.

Terry, C. J., and Wolcott and Carey, JJ., sitting.

Wolcott, Justice: This is an appeal from the denial of the defendants' motion for summary judgment in a declaratory judgment action brought as a stockholder's derivative suit.

The complaint contained three causes of action, the first and third of which attacked the validity of certain stock options issued to officers and employees of the corporate defendant. In an earlier action filed by the same plaintiff the validity of various options granted under the Option Plan in question here was filed and was dismissed after a trial on the merits of the Vice Chancellor. 40 *Del.Ch.* 431, 184 *A.2d* 28.

Defendants' motion for summary judgment as to the first and third causes of action in the case at bar was granted without objection by the plaintiff on the basis of the result in the first action brought.

The second cause of action seeks a declaratory judgment invalidating part of Paragraph 21 of the Stock Option Plan involved. Paragraph 21 of the Plan is as follows:

> "In addition to such other rights of indemnification as they may have as directors or as members of the Committee, the members of the Committee shall be indemnified by the Corporation against all costs and expenses reasonably incurred by them in connection with any action, suit or proceeding to which they or any of them may be party by reason of any action taken or failure to act under or in connection with the Plan or any option granted thereunder, and against all amounts paid by them in settlement thereof (provided such settlement is approved by independent legal

counsel selected by the Corporation) or paid by them in satisfaction of a judgment in any such action, suit or proceeding, except a judgment based upon a finding of bad faith; provided that upon institution of any such action, suit or proceeding a Committee member shall in writing give the Corporation an opportunity, at its own expense, to handle and defend the same before such Committee member undertakes to handle it on his own behalf."

The Stock Option Plan of the corporate defendant was first adopted in 1957 with the approval of 98.8% of its stockholders and authorized options not to exceed a total of 150,000 shares. Plaintiff became a stockholder of the corporate defendant in 1957 shortly after the approval of the Stock Option Plan and voted his stock in 1960 in favor of an amendment to the Plan increasing the number of shares subject to the Plan.

The Plan provides for the estabilshment of a Stock Option Committee of the Board of Directors with the responsibility of recommending those employees who should receive options and the number of shares to be optioned. No member of this committee is eligible to receive options.

Since the Stock Option Plan went into operation no member of the Stock Option Committee has ever received a payment in the form of indemnity under Paragraph 21 of the Option Plan, nor has any member of the Stock Option Committee ever made a claim for an indemnity payment under Paragraph 21.

It seems to be that there is no imminent or contemplated application of Paragraph 21 and, as a matter of fact, only two suits have ever been instituted involving in any way the members of the Stock Option Committee the first of which was the first action started by this plaintiff and dismissed, and the second is the instant case.

The theory of the defendants' motion for summary judgment is that since the complaint sought to invalidate only part of Paragraph 21 and since Paragraph 21 had never been called into operation and there was no future prospect of its ever being utilized, there was no

jurisdiction under the Delaware Declaratory Judgment Act, 10 *Del.C.* § 6501, which limits jurisdiction to "cases of actual controversy."

For the first time in his brief filed before the Vice Chancellor in opposition to the defendants' motion for summary judgment, plaintiff, in answer to the contention that there was no actual controversy, argued that the inclusion of Paragraph 21 in the Stock Option Plan made the entire plan invalid. The Vice Chancellor thereafter held that since defendants' motion for summary judgment upon the second cause of action was based upon the jurisdictional lack of an actual controversy only, and since the plaintiff had now attacked the entire validity of the Plan, an actual controversy existed irrespective of whether or not plaintiff would ultimately be able to support his claim that the invalidity of Paragraph 21 rendered the entire Plan invalid. From this ruling defendants appeal.

██ The existence of an actual controversy between the parties is a jurisdictional fact in actions for declaratory judgments under 10 *Del.C.* § 6501. In *Stabler v. Ramsay*, 32 *Del.Ch.* 547, 88 *A.2d* 546, this court had opportunity to consider this question. In that case it was held that courts will not entertain problems when there is no real likelihood that such problems will be raised in the future by reason of actual contest between the parties. In other words, the Declaratory Judgment Act is not to be used as a means of eliciting advisory opinions from the courts. There must be in existence a factual situation giving rise to immediate, or about to become immediate, controversy between the parties. The court to entertain jurisdiction of the cause must be convinced that the "actual controversy" in all probability would result in litigation sooner or later.

The court in the Stabler case, however, went on to hold that even though the foregoing rule requires the likelihood of future litigation in order to confer jurisdiction under the Declaratory Judgment Act, nevertheless sometimes "special circumstances" may exist which will lead a court in the exercise of sound judicial discretion to accept jurisdiction over a controversy even though the rights sought to be declared are future or contingent.

■ It is obvious to us that there is no factual basis for the existence of any controversy between these parties in this cause. The plaintiff is the owner of 15 shares out of 4,000,000 shares of the corporate defendant. There is no action threatened or contemplated under Paragraph 21 and if such were the case the rights of the corporation and its stockholders could be protected by appropriate action at that time. Furthermore, the question of the validity of Paragraph 21 may raise important questions regarding the Delaware Corporation Law and its public policy. Courts have always refused to make a speculative inquiry upon a hypothetical basis which may never come to pass as to the validity of statutes the effect of which in actual circumstances may not be clearly perceived or thought of.

We think fundamentally this case falls within this class. It is hypothetical, speculative and based upon no concrete situation giving rise to a justifiable attack upon the provision.

Nor do we think that the attempt of plaintiff to avoid the consequence of this rule by coupling an attack on the validity of Paragraph 21 with the entire Option Plan has any effect. The situation with respect to that is no different than it is with respect to an attack upon Paragraph 21 of the Plan alone.

We do not pass upon the propriety of permitting a litigant to bring in, indirectly so to speak, by way of passing argument in the brief a theory of a case entirely foreign to his complaint. We have doubt as to the propriety of permitting this absent an amendment of the pleadings.

Plaintiff argues, however, that this case falls within the class of cases referred to in the Stabler case as possessing "special circumstances" which would lead a court in its discretion to accept jurisdiction. We disagree.

■ The only special circumstances referred to by plaintiff's counsel at the argument and in his briefs is the desirability of adjudicating the validity of the Stock Option Plan. We point out that since 1957 thousands of options of the corporate defendant have been issued pursuant to the Stock Option Plan. Whether or not these

options have been exercised does not appear as was the case in *Beard v. Elster,* 39 *Del.Ch.* 153, 160 *A.2d* 731, but in any event it is perfectly clear that in order to invalidate interests under a Stock Option Plan under which options have been granted to individuals, those individuals are indispensable parties to an action to invalidate their interests and the Plan. *Elster v. American Airlines, Inc.,* 34 *Del.Ch.* 500, 106 *A.2d* 202.

None of the optionees are parties to this cause as such, nor, so far as appears, is there any intention on the part of the plaintiff to bring them in as parties. As a matter of fact, it seems apparent that plaintiff would seek to bring them in only after further proceedings in the Court of Chancery and only then if those proceedings resulted in an adjudication of invalidity of the Plan. This intention may be a special circumstance but it is one which seems to us to mitigate against the acceptance of jurisdiction.

Plaintiff has cited to us a number of cases which we will not specially notice. He argues from that whenever there is a difference of opinion as to the meaning of a provision of a statute or agreement, an actual controversy exists which is the jurisdictional fact under 10 *Del.C.* § 6501. All of these cases, however, are cases in which a controversy had arisen by reason of facts under which a claim for or against liability had been made. They are not authority for the plaintiff's position which, fundamentally, comes down to a request for an advisory opinion.

For the foregoing reasons the judgment below is reversed and the cause will be remanded with instructions to enter summary judgment for the defendants on the second cause of action.